T.C. Memo. 2000-67


UNITED STATES TAX COURT


CHICAGO MERCANTILE EXCHANGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8984-95, 16082-95.  Filed March 2, 2000.


P is a not-for-profit corporation that operates a
commodity exchange in Chicago, Illinois.  R argues that
P has no affiliates within the meaning of sec.
204(a)(7)(C) of the Tax Reform Act of 1986 (TRA), Pub.
L. 99-514, 100 Stat. 2085, 2155, because P is not a
member of a controlled group of corporations.  R
asserts that the flush language of TRA sec. 204(a)(7),
which provides that "a corporation is an affiliate of
another corporation if both corporations are members of
a controlled group of corporations", is the exclusive
definition of the word "affiliates" for purposes of TRA
sec. 204(a)(7).

<u>Held</u>: The flush language on which R relies merely
specifies when a corporation will be considered to be
an "affiliate" of another corporation; it does not
contain the exclusive definition of that word for
purposes of TRA sec. 204(a)(7).

Dennis E. Frisby, Ira Marcus, Jack Esses, and Thomas C. Borders, for petitioner.

Robert M. Ratchford, for respondent.

MEMORANDUM OPINION

LARO, Judge: Respondent moves for summary judgment in his favor, arguing that petitioner has no affiliates within the meaning of section 204(a)(7)(C) of the Tax Reform Act of 1986 (TRA), Pub. L. 99-514, 100 Stat. 2085, 2155, because it is not a member of a controlled group of corporations, which, respondent asserts, is a requirement of that section. We will deny respondent's motion. We hold that a taxpayer need not be a member of a controlled group of corporations to have affiliates for purposes of TRA section 204(a)(7)(C). Unless otherwise stated, section references are to the TRA.

### Background[1]

Petitioner is a corporation organized under the General Not For Profit Corporation Act of the State of Illinois to operate a commodity exchange. It is a designated contract market that provides and regulates a commodity exchange in Chicago, Illinois, where futures contracts and options on futures contracts are

---

[1] All facts were stipulated by the parties in stipulation 100 of the second supplemental stipulation of facts.

traded.  It is owned by its approximately 2,700 members, and its principal place of business was in Chicago, Illinois, when it petitioned the Court.  It is not a member of a controlled group of corporations within the meaning of section 1563(a) of the Internal Revenue Code of 1986.

## Discussion

The parties agree that respondent's motion can be decided by way of summary judgment, and so do we.  Respondent argues that petitioner has no affiliates for purposes of section 204(a)(7)(C) because it is not a member of a controlled group of corporations. Respondent asserts that the word "affiliates" for purposes of section 204(a)(7)(C) requires that the taxpayer be a corporation and that the corporation be a member of a controlled group. Respondent relies on the flush language of section 204(a)(7), asserting that this language sets forth the exclusive definition of the word "affiliates" for purposes of section 204(a)(7)(C).

We disagree with respondent's assertion that the flush language of section 204(a)(7) contains the exclusive definition of the word "affiliates" for purposes of section 204(a)(7). Section 204(a)(7) provides:

> (7) Certain Leasehold Improvements.– * * * [The repeal of the investment tax credit and accelerated cost recovery system] shall not apply to any reasonable leasehold improvements, equipment and furnishings placed in service by a lessee or its affiliates if--
>
> > (A) the lessee or an affiliate is the original lessee of each building in which such property is to be used,

(B) such lessee is obligated to lease the building under an agreement to lease entered into before September 26, 1985, and such property is provided for such building, and

(C) such buildings are to serve as world headquarters of the lessee and its affiliates.

For purposes of this paragraph, a corporation is an affiliate of another corporation if both corporations are members of a controlled group of corporations within the meaning of section 1563(a) of the Internal Revenue Code of 1954 without regard to section 1563(b)(2) of such Code. Such lessee shall include a securities firm that meets the requirements of subparagraph (A), except the lessee is obligated to lease the building under a lease entered into on June 18, 1986.

We do not conclude that the flush language of this section exclusively defines the word "affiliates" for purposes of its application. The flush language merely specifies when a corporation will be considered to be an affiliate of another corporation.

We hold that the flush language of section 204(a)(7)(c) does not contain the exclusive definition of the word "affiliates". Accordingly, we will deny respondent's motion and set this case for trial. Whether petitioner has "affiliates" within the meaning of section 204(a)(7) is a factual determination that must be made on the basis of a complete record. We have considered all arguments for a contrary holding and, to the extent not discussed above, find those arguments to be without merit or irrelevant. To reflect the foregoing,

- 5 -

        <u>An appropriate order will be</u>

<u>issued</u>.